## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**TERRY LEE GREGORY**                                                                                        **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 5:21-CV-P167-TBR**

**SEAN GOARD et al.**                                                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff, Terry Lee Gregory, a prisoner, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some claims will be dismissed, and others will be allowed to proceed.

### I. STATEMENT OF CLAIMS

Plaintiff, a convicted inmate incarcerated at the Marshall County Detention Center (MCDC), names as Defendant MCDC Deputy Jailer Sean Goard in his individual and official capacities, as well as MCDC and the Kentucky Department of Corrections (KDOC).

Plaintiff states that on October 11, 2021, he was called to "booking" by Defendant Goard who had Plaintiff's outgoing letter to "'Convict Injury Lawyers'" on which Plaintiff had written "'Contains Legal Documents, Confidential/Private.'" Plaintiff alleges that Defendant Goard opened it despite the written notice on the envelope, stating, "This s[***] is not gonna fly. It doesn't have any legal documents." Plaintiff states, "[i]t was only an incident of haste on my part that I did not include those documents inside the communication." Plaintiff states that Defendant Goard also said that he was "going to read the letter and decide whether or not he was going to send it[.]"

According to the complaint, this was not the first time that his outgoing legal mail was examined. Plaintiff states that his first outgoing letter which was examined was addressed to his appeal attorney in Frankfort, Kentucky, and contained confidential attorney-client privileged information related to his post-conviction motion for ineffective assistance of counsel. He explains that he has a pending state criminal case and a pending civil complaint against both the Commonwealth of Kentucky's "star witness" in his conviction and his public defender.

Plaintiff also alleges that since his incarceration in 2020 he has sent mail to various agencies in Frankfort with "serious and damaging claims" and "proof of misjustice" without receiving a response from a single agency.

Plaintiff requests monetary and punitive damages, as well as unspecified injunctive relief.

After filing his complaint, Plaintiff filed a letter (DN 4), which the Court considers to be an amended complaint. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Attached are copies of envelopes which, according to Plaintiff, shows that they were peeled open, presumably out of his presence, before they were given to the U.S. Postal Service.

The amended complaint states that MCDC does not treat Class D inmates like himself "right"; that there are numerous serious violations; and that every letter sent to Frankfort is screened because of the complaints and grievances about what is going on at MCDC written by inmates. He attaches two envelopes which, he states, show the difference between a "tampered" envelope and a non-tampered one. The one he alleges was tampered with, *i.e.*, opened before it was sent, is addressed to the Office of Department of Advocacy Appeals in Frankfort.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Individual-capacity claim against Defendant Goard

Plaintiff alleges that Defendant Goard has read his outgoing legal mail. First Amendment issues are implicated when restrictions are placed upon an inmate's correspondence. *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). Outgoing mail may be regulated to further an important or substantial governmental interest which is not related to the suppression of expression. *Martucci v. Johnson*, 944 F.2d 291, 295-96 (6th Cir. 1991). However, a heightened First Amendment concern is involved in allowing prison officials unfettered discretion to open and read a prisoner's legal mail, especially correspondence that impacts upon

or has import for the prisoner's legal rights. *See Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009); *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003).

Due to the less stringent pleading standard to which *pro se* litigants are held, and construing the allegations in the light most favorable to Plaintiff, the Court will allow to continue Plaintiff's claim against Defendant Goard concerning the opening and reading of outgoing legal mail, which the Court interprets to be one under the First Amendment.[1] *See, e.g., Ayers v. Ohio*, No. 18 CV 2890, 2019 WL 2192145, at *3 (N.D. Ohio May 21, 2019) ("In that the plaintiff's allegations liberally construed suggest he may be claiming undue interference with his *legal* mail, the Court will allow his claim regarding his mail to proceed past screening." (emphasis in original)).

**B. Claim against Defendant MCDC and against Defendant Goard in his official capacity**

First, MCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Marshall County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Marshall County is a "person" for purposes of § 1983. *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against MCDC as brought against Marshall County.

---

[1] Plaintiff does not appear to assert any interference with his access to courts due to the alleged opening of his outgoing mail.

4

Similarly, the claims against Defendant Goard in his official capacity must be construed as brought against the governmental entity employing him. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the official-capacity claim against Defendant Goard is actually brought against Marshall County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Marshall County, a court must determine whether the plaintiff's harm was caused by a constitutional violation and also determine whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). In other words, the policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *see also Bd. of*

*Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, reading the complaint and amended complaint liberally, the Court finds that Plaintiff has alleged a Marshall County policy or custom of opening outgoing legal mail outside the presence of inmates. The Court will allow Plaintiff's claim against Defendant Goard in his official capacity to continue. The Court will dismiss the claim against MCDC as redundant to the official-capacity claim against Defendant Goard.

### C. Claim against Defendant KDOC

States and state agencies such as KDOC are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Thus, because Plaintiff seeks money damages from a state entity, he fails to allege cognizable claims under § 1983. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state and its agencies. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's claims against KDOC for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.[2]

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claim against KDOC is **DISMISSED** for failure to state a claim for which relief may be granted and for seeking monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

---

[2] Although injunctive relief may be obtained by suing a state official in his or her official capacity, *Ex parte Young*, 209 U.S. 123 (1908), Plaintiff has not named a state official as a defendant or identified any injunctive relief he is requesting.

**IT IS FURTHER ORDERED** that the claim against the Marshall County Detention Center is **DISMISSED** as redundant to the official-capacity claim against Defendant Goard.

The Clerk of Court is **DIRECTED** to **docket** DN 4 as an amended complaint, as well as to **terminate** Defendants Kentucky Department of Corrections and Marshall County Detention Center as parties to this action.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claims. In allowing those claims to continue, the Court expresses no opinion on their ultimate merit.

Date: June 21, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Marshall County Attorney
4413.009